```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

JANET C. HOWELL,                  )  CIVIL NO. 17-00514 ACK-RLP
                                  )
         Plaintiff,               )  FINDINGS AND RECOMMENDATION THAT
                                  )  THE DISTRICT COURT DISMISS
         vs.                      )  PLAINTIFF'S AMENDED COMPLAINT
                                  )  WITH PREJUDICE
RESPONDEAT SUPERIORS ALL          )
MENTIONED ORGANIZATIONS:          )
STEINBACH CLINIC LANDSTUHL        )
HOSPITAL IN GERMANY, DOD          )
CONTRACT-TORS, GERMANY,           )
CORONADO BASE CLINIC, CO          )
CORONADO SECURITY AND CHIEF       )
SECURITY, CORONADO, BALBOA        )
HOSPITAL US NAVY, MAKALAPA        )
CLINIC BUMED, USN JUDGE           )
ADVOCATES FLEET WEATHER,          )
GERMANY & SAN DIEGO, JOHN NEI     )
EEOC WHITE, PETE CRUZ,            )
                                  )
         Defendants.              )
_____ )
```

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE[1]

Plaintiff, proceeding pro se, filed her initial complaint in this action on October 12, 2017.  ECF No. 1.  The Court granted Plaintiff leave to file an amended complaint and granted five extensions of time for Plaintiff to file her amended complaint.  See ECF Nos. 12, 28, 32, 34, 36, 42.  Further, the Court extended the time for service of the amended complaint up

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

to and including November 30, 2018.  See ECF No. 45.  Plaintiff filed her amended complaint on October 1, 2018.  ECF No. 46.  After filing her Amended Complaint, Plaintiff filed three additional documents that appear to be supplements to her Amended Complaint.  See ECF Nos. 47, 48, 50.  There is no indication on the docket that Plaintiff has served her Amended Complaint on any of the named Defendants.  After careful consideration of the documents filed by Plaintiff, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Amended Complaint with prejudice.

                              DISCUSSION

     The court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint include "a short and plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P.  8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed.  See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed the Amended Complaint and the additional documents filed by Plaintiff and concludes that Plaintiff fails to state any discernable basis for judicial relief.  In her Amended Complaint, Plaintiff lists the following violations "of multiple agencies family alienators, terorizers, individual etc. . . .Violation of Title VII, Violation of 1964 Act, Violation of Reference 7702 and 7703, Disability, Discrimination, Negligence, Profiller, Prejudice Military Disable Veteran Discrimination, HIPPA Violation[,] Violation of Human Rights, Violation of Civil Rights, Negligenc[e], Abuse[] of Authority, Unfair Labor Practice, Mal Practices Doctors, Fabricated Medical Notes, Fabricated Drugs Intake, Medical Identity Theft, Forgery, Di[s]crimination (Racial, Age, & Religion), Manslaughter Due to Alienation of Affection Men and

Women Retaliation, Libel, Defamation of Character.  Attempted Murder of the Family Alienators - Fraud Military Dependents."  See ECF No. 46.  Plaintiff alleges that she has been injured because Defendants "took advantage of my situation, marital problem deep in to my situation and loss of my love one, I lost my mom and they sided the fraud military dependents who are claiming to be girlfriends, friends, co-workers, some are claiming to live in my house, disabled my income."  Id. at 3-4.  In part, it appears that Plaintiff is attempting to challenge a decision of the Navy Bureau of Medicine and Surgery ("BUMED"); however, the decision that she is challenging is not specified and the basis for her challenge is unclear.  In reviewing a prior filing by Plaintiff, the district court expressly instructed Plaintiff "to file with the Court forthwith any relevant decision letter or right-to-sue letter from the PEB, BCNR, or other agency so that the Court may be more informed regarding the claims she is attempting to bring here."  See ECF No. 15.  Based on the Court's review of the docket, Plaintiff did not file any agency decision with her Amended Complaint or with the three supplements.  See ECF Nos. 46, 47, 48, 50.  Plaintiff's Amended Complaint seeks "billions of dollars" in damages and asks the court to reactivate her military career.  ECF No. 46 at 8, 13.

Even liberally construed, Plaintiff's filings do not state any discernable basis for judicial relief.  Although the

4

documents filed by Plaintiff reference violations of Plaintiff's rights, the documents do not contain factual allegations regarding the specific conduct at issue or the actions of any specific individuals.  None of the statements in the documents filed by Plaintiff contain sufficient information to provide notice of the claims asserted.  To the extent Plaintiff is attempting to assert a claim against any defendant for any criminal violations, a civil complaint cannot state a claim for violation of a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  As noted above, Plaintiff was instructed to file any agency decision that she is attempting to challenge, but she did not do so in her multiple filings with the Court.  Accordingly, the Court FINDS that Plaintiff's Amended Complaint should be dismissed for failure to comply with Rule 8.

Further, the Court RECOMMENDS that the dismissal be with prejudice.  As noted above, Plaintiff has been provided multiple extensions of time and has been given several opportunities to amend and supplement her complaint.  Based on the Court's careful review of Plaintiff's Amended Complaint and the supplements, the Court FINDS that it is clear that no amendment can cure the defects in Plaintiff's Amended Complaint and RECOMMENDS that Plaintiff's Amended Complaint be DISMISSED WITH PREJUDICE.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[u]nless it is absolutely clear that no

amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend"); see also Lopez, 203 F.3d at 1127.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Amended Complaint WITH PREJUDICE and direct the Clerk's Office to close this case.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 11, 2018.

Richard L. Puglisi
United States Magistrate Judge

**HOWELL V. RESPONDEAT SUPERIORS ALL MENTIONED ORGANIZATIONS: STEINBACH CLINIC LANDSTUHL HOSPITAL IN GERMANY, ET AL., CIVIL NO. 17-00514 ACK-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**