IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

—————————————————————————— )
JANET C. HOWELL,                      )
                                      )
                    Plaintiff,        )
                                      )
        vs.                           ) Civ. No. 17-00514 ACK-RLP
                                      )
RESPONDEAT SUPERIORS ALL MENTIONED    )
ORGANIZATIONS: STEINBACH CLINIC       )
LANDSTUHL HOSPITAL IN GERMANY, DOD    )
CONTRACT-TORS, GERMANY, CORONADO      )
BASE CLINIC, CO CORONADO SECURITY     )
AND CHIEF SECURITY, CORONADO,         )
BALBOA HOSPITAL US NAVY, MAKALAPA     )
CLINIC BUMED, USN JUDGE ADVOCATES     )
FLEET WEATHER, GERMANY & SAN DIEGO,)
JOHN NEI EEOC WHITE, PETE CRUZ,       )
                                      )
                    Defendant.        )
—————————————————————————— )

## ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND

## RECOMMENDATION

For the reasons set forth below, the Court ADOPTS AS
MODIFIED the Magistrate Judge's Findings and Recommendation, ECF
No. 51, issued by Magistrate Judge Richard L. Puglisi on
December 11, 2018.

## BACKGROUND

Plaintiff Janet C. Howell ("Plaintiff"), proceeding
pro se, filed her initial Complaint on October 17, 2017.  ECF
No. 1.  On April 10, 2018, Plaintiff made a filing, ECF No. 11,
that the Court construed as a request for leave to file an
amended complaint, and the Court granted such leave, ECF No. 12.

The Court also granted Plaintiff five extensions of time to file her amended complaint, see ECF Nos. 28, 32, 34, 36, 42, and extended the time for service of the amended complaint up to and including November 30, 2018, see ECF No. 45.

Plaintiff filed her Amended Complaint on October 1, 2018, ECF No. 46, and then filed three additional documents that appeared to be supplements to her Amended Complaint, ECF Nos. 47, 48, 50. There is no indication on the docket that Plaintiff has served her Amended Complaint on any of the named Defendants.

On December 11, 2018, Magistrate Judge Richard L. Puglisi issued his Findings and Recommendation That the District Court Dismiss Plaintiff's Amended Complaint with Prejudice (the "F&R"). ECF No. 51. Although the Magistrate Judge noted in the F&R's "Background" section that there was no evidence that Plaintiff had served her Amended Complaint, id. at 2, his recommendation of dismissal was premised on the Amended Complaint's failure to comply with Rule 8 of the Federal Rules of Civil Procedure, id. at 2–5. The Magistrate Judge explained that Plaintiff had "fail[ed] to state any discernable basis for judicial relief," id. at 3, and further noted that the basis for Plaintiff's apparent challenge to a decision by the Navy Bureau of Medicine ("BUMED") was unclear, id. at 4–5 (noting that Plaintiff had not filed any agency decision that she was attempting to challenge). Finding it clear that no amendment

could cure the defects in Plaintiff's Amended Complaint, the
Magistrate Judge recommended that the dismissal be with
prejudice.  Id. at 5-6.

On December 19, 2018, Plaintiff filed a document
styled "MOTION/ACTION: RE-OPEN, REMOVE *THE DISMISSAL WITH
PREJUDICE ORDER PLEASE……………………………*" Objection, ECF No. 52.
Therein, Plaintiff states that "the Rule 8 were NOT in
violations," id. at 2, and asserts that she has "hired a Cash
Basis Attorney to File My Formal Complaint," id.  Attached to
Plaintiff's filing are the following, arguably relevant
documents: (1) a printed page showing the leftmost half of an
undated, one-paragraph email purportedly sent to Plaintiff by an
individual named Nivro Eva, Hugo Anthony, or A. Hugo, wherein
that individual seemed to solicit money from Plaintiff, id. at
5; (2) a letter from the Tort Claims Unit of the Department of
the Navy Office of the Judge Advocate General, dated June 15,
2017, denying Plaintiff's claims against the United States,
which totaled $122,000,000 (the "June 2017 Letter"), id. at 9;
and (3) a letter from the Tort Claims Unit of the Department of
the Navy Office of the Judge Advocate General, dated September
12, 2017, informing Plaintiff that her request for
reconsideration had been received and granted, and that her

claims were denied upon reconsideration (the "September 2017

Letter"), id. at 8.[1]

On January 18, 2019, Plaintiff filed a document styled

"MOTION/ACTION: APPEAL TO THE *THE MAGISTRATE JUDGE ORDER ON*

*12/11/18 ORDER DUE TO THE REPRESENTATIVE OF USN AND BUMED ARE*

*THE ATTY. GENERAL* OF WHERE THE LOCATIONS AND INJURIES

HAPPENED[.]" ECF NO. 54. Plaintiff also filed, on the same

date, a document styled "MOTION/ACTION: REQUEST FOR LEAVE OF

ABSENCE FOR MEDICAL *TREATMENTS OF DISFIGUREMENTS PSYCHOLOGIST*

*TREATMENTS MULTIPLE KIND OF TREATMENTS WEDDING OF MY BROTHER*

*OVERSEAS MY MBA/MHSA GRADUATION* MY BIRTHDAY CELEBRATION 2nd Week

of April[.]" ECF No. 53.

### STANDARD OF REVIEW

The district court may accept those portions of a

magistrate judge's findings and recommendation that are not

---

[1] Seemingly in response to the Magistrate Judge's mention of the
fact that "[t]here is no indication on the docket that Plaintiff
has served her Amended Complaint on any of the named
Defendants[,]" F&R at 2, Plaintiff's filing also includes copies
of certified mail receipts showing that certified mail had been
sent to various entities—some of whom appear to be named
Defendants—in 2016. Objection at 6-7. This documentation is
irrelevant, not only because Plaintiff's Amended Complaint was
not filed until 2018, see ECF No. 46, but because the Magistrate
Judge's recommendation of dismissal was based on the Amended
Complaint's noncompliance with Federal Rule of Civil Procedure 8
rather than on Plaintiff's failure to serve the Defendants. See
generally F&R. Similarly, Plaintiff's arguments that she and/or
her "Attorney on Cash Basis" have served some of the Defendants,
Objection at 2, are immaterial.

4

objected to if it is satisfied that there is no clear error on the face of the record.  United States v. Bright, Civ. No. 07-00311 ACK-KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

When a party objects to a magistrate judge's findings and recommendation, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a); L.R. 74.2.  Under a de novo standard, a district court "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

The district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012).  The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C); L.R. 74.2.  The district court may consider the record developed before the magistrate judge, but the Court must make its own determination on the basis of that record.  L.R. 74.2.

**DISCUSSION**

"A document filed pro se is 'to be liberally construed[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Here, the Court construes Plaintiff's filing—which was filed within fourteen days of the service of the F&R, Objection at 1; see LR 74.2; Fed. R. Civ. P. 6(d)—as an objection thereto. Plaintiff's more recent filing, however (which the Court construes as a second objection to the F&R) is untimely, having been filed more than fourteen days after the service of the F&R on Plaintiff. LR 74.2; Fed. R. Civ. P. 6(d); see King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012)). The Court will therefore not consider the second objection.

As noted previously, the F&R's recommendation of dismissal rests entirely on the Magistrate Judge's finding that Plaintiff has failed, in her Amended Complaint and the supplements filed thereto, "to state any discernable basis for judicial relief." F&R at 3. And the F&R's recommendation that the dismissal be with prejudice is premised on the Magistrate Judge's finding that "it is clear that no amendment can cure the defects in Plaintiff's Amended Complaint[.]" Id. at 5. Although

Plaintiff's Objection is rather difficult to interpret, and although it appears that the thrust of the arguments made therein pertain largely to the nondispositive issue of service, see generally Objection, the Court, mindful of its duty to this pro se Plaintiff, discerns some relevant arguments and addresses them as follows.

###    I.    Whether the Amended Complaint and Supplements Complied with Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must contain "sufficient allegations to put defendants fairly on notice of the claims against them" (citations omitted)).  While pro se pleadings are interpreted liberally, they still must meet a minimum threshold so as to provide defendants sufficient notice of the allegations against them. Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Under Rule 41(b) of the Federal Rules of Civil
Procedure, a court may dismiss an action for a party's failure
to comply with the Federal Rules.  Fed. R. Civ. P. 41(b).  One
ground for dismissal is failure to comply with Rule 8.  See
Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th
Cir. 2008).  Such a dismissal may be undertaken sua sponte.
Hells Canyon Pres. Counsil v. US. Forest Serv., 403 F.3d 683,
689 (9th Cir. 2005); see also Robert v. First Hawaiian Bank, 172
F.3d 58 (9th Cir. 1999) (unpublished decision) (upholding a
district court's sua sponte Rule 8 dismissal); Wolfe v. Yellow
Cab Co-op., Inc., 880 F.2d 417 (9th Cir. 1989) (same).  A Rule 8
dismissal is appropriate where, inter alia, a complaint is
"confusing, distracting, ambiguous, and unintelligible," see
Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980), as
where its "'true substance, if any, is well disguised,'" see
Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond,
417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne,
84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of
complaint where "one cannot determine from the complaint who is
being sued, for what relief, and on what theory, with enough
detail to guide discovery").

The Magistrate Judge recommended that "Plaintiff's
Amended Complaint should be dismissed for failure to comply with
Rule 8." F&R at 5.  Plaintiff objects that "the Rule 8 were NOT

in violations," arguing that "I'm sure it's NOT TOO Confusing now because while I'm doing the Amendment of Complain, every steps I make, I'm always requesting for the Righteous Judges Approval." Objection at 2.  But in reviewing the Amended Complaint, ECF No. 46, as well as the three supplemental filings, ECF Nos. 47, 48, 50, the Court cannot find that Plaintiff has stated any discernable basis for judicial relief.

The Amended Complaint is styled "COMPLAIN OF: DISCRIMINATION <u>ALL FORMS, HOMESIDE,</u>INTENTIONAL MANSLAUGHTER, <u>FAMILY ALIENA</u>TORS, ALIENATION OF AFFECTION, INTENTIONALLY DELIVERATELY WILLFULLY ASSASINATION OF MY MY CHARACTER, ATTEMPTED MURDER TERRORIZERS, DEFAMATORS, UNDERMINERS, FABRICATORS, NEGLIGENCE, ABUSED OF AUTHORITY OF WHITE, BLUE COLLAR GENIUS CRIMINALS, OBSTRUCTION OF JUSTICE, THEY VIOLATED ALL MY RIGHTS INCLUDING CONSTITUTIONAL RIGHTS AND HUMAN RIGHTS, DOCTORS AND NURSES TECHNICIANS ETC. OUTRAGEOUS, ACTIONS, DEFAMATORS, PREJUDICSM BREACH OF CONTRACT, BREACH OF PEACE, PREJUDICESM, VIOLATION OF HUMAN RIGHTS ETC. CAUSES OF CATASTROPHIC INJURIES, MAL PRACTICE THEY VIOLATED ALL MY RIGHTS INCLUDING MY CONSTITUTIONAL RIGHTS ETC., COMPENSATORY AND PUNITIVE DAMAGES." ECF No. 46 at 1.  Elsewhere in her Amended Complaint, Plaintiff characterizes her suit as "a multi-tort claims action," id. at 2, and cites "Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. & Section 2000e et.

Sec., the Civil rights Act of 1866(As amended by, the Civil Rights Restoration Act of 1991)' and 42 U.S.C. 1981(a) et seq. (which includes And is not limited to the provisions applicable to suing the Multiple Agencies, Defendants, Family Alienators, Individuals etc.," id.; see also id. at 5 ("MIXED CASE, MULTIPLE TORT VIOLATION OF TITLE VII, VIOLATION OF REFERENCE 7702 AND 7703,DISABILITY,DISCRIMINATION, NEGLIGENCE, PROFILLER, PREJUDICE MILITARY DISABLE VETERAN DISCRIMINATION, HIPAA VIOLATION VIOLATION OF HUMAN RIGHTS, VIOLATION OF CIVIL RIGHTS, NEGLIGENCE, ABUSED OF AUTHORITY, UNFAIR LABOR PRACTICE, MAL PRACTICES DOCTORS, FABRICATED MEDICAL NOTES, FABRICATED DRUGS INTAKE, MEDICAL IDENTITY THEFT, FORGERY, DISCRIMINATION (RACIAL, AGE & RELIGION), MANSLAUGHTER DUE TO ALIENATION OF AFFECTION, LIBEL, DEFAMATION OF CHARACTER, ATTEMPTED MURDER OF THE FAMILY ALIENATORS – FRAUD MILITARY DEPENDENTS.").

Reading Plaintiff's Amended Complaint and supplements together with the June 2017 Letter and the September 2017 Letter, Objection at 8–9, the Court surmises that Plaintiff is, at least in part, attempting to challenge a February 1, 2015, decision by BUMED that she was "not physically qualified to continue service in the U.S. Navy Reserve," September 2017 Letter, ECF No. 52 at 8.  As stated in the September 2017 Letter, Plaintiff appears to believe that "various acts or omissions . . . influenced" that decision.  Id.  Despite

searching the Amended Complaint and supplements, the Court
cannot divine any further, lucid details regarded the alleged
acts or omissions, or the theory on which Plaintiff is
proceeding, as would be necessary to guide discovery, see
McHenry, 84 F.3d at 1178-80, or to put the Defendants "fairly on
notice of the claims against them," McKeever, 932 F.2d at 798.

As iterated in the filings, Plaintiff's other
grievances—if indeed they involve matters distinct from the
BUMED decision—suffer from similar infirmities.  Plaintiff
appears to charge various individuals with interfering with her
marriage, see ECF No. 46 at 3 ("SOME ARE CURRENTLY DOE PREGNANT
WOMEN, OBIOUSLY FRAMING MANIPULATING MY HUSBAND, SOME ARE FAKE
PREGNANT WOMEN WANT'S TO BE SUPPORTED FOR LIFE."), and to allege
that BUMED and other Defendants were somehow responsible for or
complicit in the marital problems of which she complains, see
id. at 7 ("Due to these Agencies BUMED, USN, ET ALL
Discriminative, Negligence, they discontinue their
Investigations of finding these Culprits the Sex Offenders,
Seductresses . . . .").  Far from including a "short and plain
statement of the claim," Fed. R. Civ. P. 8(a)(2), containing
allegations that are "simple, concise, and direct," Fed. R. Civ.
P. 8(d)(1), or "stat[ing] a claim to relief that is plausible on
its face," Twombly, 550 U.S. at 570, Plaintiff's Amended
Complaint and its supplements are, unfortunately, nonsensical—

"confusing, distracting, ambiguous, and unintelligible,"
Schmidt, 614 F.2d at 1224.  Voluminous though they are—totaling
fifty-three pages—Plaintiff's Amended Complaint and its
supplements are wholly devoid of specific factual allegations
and discernable legal theories.

The Court is sympathetic to Plaintiff's overall
situation, which appears rather grave, and hopes sincerely that
Plaintiff is able to find some relief.  But the Court is unable
to see a path to any sort of relief for Plaintiff, let alone
that she seeks from Defendants—including the reactivation of her
military career, ECF No. 46 at 8, and "Billions of Dollars," id.
at 13—via her Amended Complaint and its supplements, which (even
liberally construed) utterly fail to meet the standards set
forth by Rule 8.  The Court therefore finds that dismissal of
the Amended Complaint is warranted, and adopts the relevant
portion of the F&R.  See F&R at 2–5.

## II.  Whether Dismissal with Prejudice is Appropriate

"Unless it is absolutely clear that no amendment can
cure the defect . . . a pro se litigant is entitled to notice of
the complaint's deficiencies and an opportunity to amend prior
to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d
245, 248 (9th Cir. 1995) (citations omitted).  Dismissal with
prejudice is a harsh remedy, and so a district court should

first consider other, less drastic alternatives.  <u>McHenry</u>, 84
F.3d at 1178 (citation omitted).

The Magistrate Judge found it clear that no amendment
could cure the defects in Plaintiff's Amended Complaint and
recommended "that the dismissal [of Plaintiff's Amended
Complaint] be with prejudice." F&R at 5.  In her Objection,
Plaintiff asserts that an "Attorney on Cash Basis Accepted my
Case," Objection at 2, and attaches a printout displaying the
leftmost half of an undated, one-paragraph email, which appears
to request that Plaintiff make a payment to an individual named
either Nivro Eva, Hugo Anthony, or A. Hugo by a nonexistent date
in 2018, <u>see</u> <u>id.</u> at 5 ("Thursday . . . 6th November 2018").[2]  No

---

[2] The printout in question reads, in full:

> Nivro Eva
> to me
>
> Dear Mrs. Janet Howell,
>
> Good day.  This is attorney Hugo Anthony
> your  attorney rep
> money on Thursday being 6th November 2018 by
> 9 a.m. in
> soon as possible.  Please We can not meet as
> for now beca
> that will be okay with you I can also send
> it give you all the
> Thanks for your understanding and I'm
> waiting for your fast
>
> Sincerely Yours,
> Attorney, Hugo Anthony.
>
> A. Hugo
> Sign.

attorney has put in an appearance for Plaintiff, and in fact there is no evidence in the record of any actions of the individual Plaintiff refers to as her "Attorney on Cash Basis."[3]

The Court has reviewed in detail the Amended Complaint, ECF No. 46, its supplements, ECF Nos. 47, 48, 50, and indeed all of Plaintiff's filings since her October 12, 2017 filing of her Complaint, ECF No. 1.  The simple truth is that none the filings Plaintiff has made in the fourteen months since this case began can be described as lucid or sensical.  At no point has Plaintiff come close to stating a claim, revealing anything substantive about the nature of the claims she is attempting to bring, or indeed filing anything coherent.  The Court seriously doubts that any further filings by Plaintiff

---

The Court notes that there is an attorney named Daniel Anthony Joseph Hugo listed in the 2018-19 Annual Directory of the Hawai`i State Bar Association.  The online version of the directory, which is publicly available, states that Mr. Hugo is a government employee working for the Department of the Prosecuting Attorney.

[3] Although the Court does not consider herein the substance of the document it construes to be a second and untimely objection to the F&R, ECF No. 54, it notes in response to Plaintiff's representations therein, see id. at 2 ("According to my Attorney, Anthony Hugo he filed my Formal Complain In a District Court in Hawaii, He doesn't want to give me the case number, I'm Not sur if He Filed already or He Will File.  He said the Hearing Date will be on May 30, 2019 at District Court at 9am.") that the only two cases in this District in which Plaintiff is named as a party are the instant case and Aunty's Market China Town Hawaii LLC.HI et al. v. Amoguis Clans et al., Civ. No. 19-00025 JAO-RT, that no attorney has put in an appearance for Plaintiff in either case, and that in neither case is a hearing presently scheduled for May 30, 2019.

will improve as significantly as they would have to in order to be intelligible.

That being said, the Court will grant Plaintiff leave to file a Second Amended Complaint. In view of Plaintiff's past filings, such leave and amendment may well be futile; not only has each of Plaintiff's submissions been incoherent, but Plaintiff has demonstrated that she has difficulty following the Court's instructions regarding the need to clearly specify the relief sought and the basis of her entitlement to such relief.[4]

---

[4] For example, on April 18, 2018, Plaintiff filed a document entitled, in part, "NON HEARING, MOTION, ACTION, AMMENDMENTS OF COMPLAINTS REQUEST OF RESTRAINING ORDERS AGAINST THE PROSTITUTES FRAUD MILITARY DEPENDENTS[.]" ECF No. 14. The Court had great difficulty in deciphering this filing, but noted in an April 20, 2018, Minute Order that, if Plaintiff was seeking a restraining order or injunctive relief, she must "specify far more clearly the relief being sought and the basis for providing such relief." ECF No. 15. On April 30, 2018, Plaintiff made a rambling, thirty-page filing that appeared, inter alia, to again seek a restraining order. ECF No. 16 at 6. The Magistrate Judge then issued an order that advised Plaintiff to "abide by the Court's prior directive to clearly specify the relief that she seeks and provide the legal and factual basis supporting her request for such relief." ECF No. 17 at 2. Plaintiff then submitted two more filings, totaling twenty-eight pages, which were largely incomprehensible but which appeared to once again seek a restraining order and/or injunctive relief. ECF Nos. 18, 25. On May 14, 2018, prior to its receipt of the second of these filings, the Court issued a Minute Order detailing for Plaintiff the legal standard applicable to temporary restraining orders and preliminary injunctions. ECF No. 19. Upon receipt of Plaintiff's second filing, the Court, on May 15, 2018, issued another Minute Order explaining in some detail why Plaintiff's request for a preliminary injunction and/or temporary restraining order was deficient. ECF No. 27. On May 21, 2018, apparently heedless of the Court's directives, Plaintiff

However, out of an abundance of caution, and in light of the fact that Plaintiff may be able to benefit from the assistance of counsel, the Court will permit Plaintiff to file a Second Amended Complaint. Any such Complaint must be filed within forty-five days[5] of the entry of this Order, must be clearly designated as the "Second Amended Complaint," and must be retyped or rewritten; it may not incorporate any part of the prior complaints by reference. See Local Rule 10.3.

Moreover, the Second Amended Complaint must clearly and simply state each claim Plaintiff is attempting to bring, as well as the legal and factual basis for those claims. Plaintiff must plausibly allege each element of each of her claims in a way that puts each Defendant on notice of the allegations against it. The Court is unable to discern from Plaintiff's incoherent rambling what might be her claims. Rather than submitting a lengthy, rambling narrative, Plaintiff should organize her Second Amended Complaint by claim, stating as explicitly as possible her allegations against each Defendant.

---

resubmitted one of her earlier, defective filings requesting a restraining order and/or injunctive relief. ECF No. 29-3.
[5] Although the Court customarily requires complaints to be amended within thirty days of dismissal, Plaintiff is granted a longer time in which to file her Second Amended Complaint due to her need to receive further medical treatment, see ECF No. 53 at 2, and in the hopes that she will utilize this period of time to ensure that her Second Amended Complaint complies with Rule 8 of the Federal Rules of Civil Procedure.

If Plaintiff's Second Amended Complaint does not comply with
Rule 8 of the Federal Rules of Civil Procedure, it will likely
be dismissed with prejudice.

Plaintiff is reminded that she is responsible for
locating and serving the Defendants in this action with a copy
of the Summons and the Second Amended Complaint in accordance
with Rule 4 of the Federal Rules of Civil Procedure, which sets
forth the specific requirements for service. See Fed. R. Civ.
P. 4. The Court directs Plaintiff to serve those Defendants who
were named in her Amended Complaint within thirty days of filing
her Second Amended Complaint; any new defendants named in the
Second Amended Complaint must be served within ninety days of
its filing. See Fed. R. Civ. P. 4(m); Bolden v. City of Topeka,
441 F.3d 1129, 1148 (10th Cir. 2006) (holding that the service
period provided in Fed. R. Civ. P. 4(m) "is not restarted by the
filing of an amended complaint except as to those defendants
newly added in the amended complaint."); see also Miljkovic v.
Univ. of Hawai'i, President's Office, No. CIV.09-00064 ACK-KSC,
2011 WL 237028, at *4 (D. Haw. Jan. 21, 2011); City of Merced v.
Fields, 997 F. Supp. 1326, 1337-39 (E.D. Cal. 1998).

Finally, while the Court cannot provide Plaintiff with
legal advice, it notes that free or low-cost legal assistance
may be available in appropriate cases through community
organizations such as the Legal Aid Society of Hawai`i. The

Court stresses its belief that Plaintiff would benefit enormously from the assistance of counsel.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS AS MODIFIED the Magistrate Judge's Findings and Recommendation That the District Court Dismiss Plaintiff's Amended Complaint with Prejudice.  ECF No. 51.  Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, January 28, 2019.


_____
Alan C. Kay
Sr. United States District Judge


Howell v. Respondeat Superiors All Mentioned Organizations: Steinbach Clinic Landstuhl Hospital in Germany, et al., Civil No. 17-00514 ACK-RLP; Order Adopting Magistrate Judge's Findings and Recommendation.